IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHELLE TONKINSON and
MICHELLE TONKINSON, as
next friend of her minor
daughter, M.K.,

                Plaintiffs,

vs.                                      Case No. 21-2588-SAC-GEB

WALMART, INC. and
FNU LNU, an unknown pharmacist
employed by Walmart,

                Defendants.

## **O R D E R**

This case was removed to this court from the state district court for Johnson County, Kansas on December 21, 2021. It is now before the court upon plaintiff's motion to amend the complaint. Doc. No. 16.

## I. The state court amended petition

Plaintiffs are Michelle Tonkinson and her daughter, M.K., who was 15 years old at the time of the events alleged in the petition. Plaintiffs assert that on or about September 10, 2021, M.K. went to a Walmart store in Olathe, Kansas, accompanied by a 21-year-old who identified himself as Jarold Duck, M.K.'s brother-in-law. M.K. asked to receive a COVID-19 vaccine injection. Paperwork was filled out by M.K. or Duck, but there was no signature given for a "parent/guardian." An unknown pharmacist (defendant FNU LNU)

1

injected M.K. with a substance labeled a Pfizer COVID vaccine and a vaccination record was given to M.K. Plaintiffs allege that Walmart made material misstatements of fact and law to obtain signatures and induce M.K. to be "vaccine injected without parental consent, and to conspire with M.K. to keep what Walmart had done to M.K. a secret." Doc. No. 1-1, p. 4 of the amended petition. Plaintiffs have not alleged facts demonstrating that M.K. suffered a serious physical injury.

Plaintiffs allege defendants violated their right to privacy by injecting M.K. without a parent's consent and refusing requests for medical records. Plaintiffs allege battery by the defendant unknown pharmacist. Plaintiffs also allege negligence by the unknown pharmacist and Walmart in failing to disclose sufficient information to obtain informed consent by M.K.'s mother and by failing to provide adequate care and treatment for plaintiffs. Finally, plaintiffs allege a violation of the Kansas Consumer Protection Act. Plaintiffs claim that defendants misrepresented that M.K. did not need parental consent to obtain the injection and withheld information from plaintiffs.

II. Motion to amend

Plaintiffs now believe they know the name and address of the previously unknown pharmacist and seek to amend the complaint/petition to add Mark Schukar of Overland Park, Kansas as a defendant in substitution for defendant FNU LNU. Plaintiffs

also want to add a claim for punitive damages. The motion indicates that defendant Walmart did not consent. Doc. No. 16, p. 1. Plaintiffs' memorandum in support of the motion stated that defendant Walmart had refused to identify the pharmacist. Doc. No. 17, p. 1.

In response to plaintiffs' motion to amend, defendant Walmart states that it "withdraws its objection," noting that plaintiff filed a separate action against Mr. Schukar in state district court on January 20, 2022, one day after filing the motion to amend. Doc. No. 18, p. 3.

Diversity jurisdiction was present when this matter was removed. Plaintiffs and defendant Walmart appear to be diverse parties and, pursuant to 28 U.S.C. § 1441(b)(1), the citizenship of defendants sued under fictitious names is disregarded for removal purposes. Granting the motion to amend, however, will destroy diversity jurisdiction.

Defendant Walmart argues that the court retains federal question jurisdiction over this case because "[t]he PREP Act expressly preempts enforcement of any state or local law that 'is different from, or is in conflict with, any requirement applicable under [the PREP Act].'" Doc. No. 18, p. 2 (quoting 42 U.S.C. § 247d-6d(b)(8). Defendant is referring to the Public Readiness and Emergency Preparedness Act (PREP Act), 42 U.S.C. §§ 247d-6d, 247d-6e, which protects certain entities, such as pharmacists and drug

3

manufacturers or distributors, from lawsuits concerning the administration or use of covered countermeasures during a public health emergency.

The court rejects this contention. As many courts have held, the immunity from suit afforded under the PREP Act is considered an affirmative defense and not grounds for subject matter jurisdiction. See, e.g., Persons v. CP/AIG-Pensacola Development, LLC, 2021 WL 5034377 *3-7 (N.D.Fla. 9/9/2021); Gwilt v. Harvard Square Retirement & Assisted Living, 537 F.Supp.3d 1231, 1241-43 (D.Colo. 2021); Estate of Cowan v. LP Columbia KY, LLC, 530 F.Supp.3d 695, 701-705 (W.D.Ky. 2021); Estate of Jenkins v. Beverly Hills Senior Care Facility, Inc., 2021 WL 3563545 *6 (C.D.Cal. 8/12/2021); Elliot v. Care Inn of Edna LLC, 2021 WL 2688600 *3-6 (N.D.Tex. 6/30/2021); Dupervil v. Alliance Health Operations, LCC, 516 F.Supp.3d 238, 249-54, 257-59 (E.D.N.Y. 2021); Leroy v. Hume, 2021 WL 3560876 *3-7 (E.D.N.Y. 8/12/2021).

Pursuant to 28 U.S.C. § 1447(e), "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." This is a discretionary decision. The Tenth Circuit has stated that the court should consider several factors including whether the amendment will cause undue prejudice, the timeliness of the amendment, and whether it was offered in good faith. McPhail v.

4

Deere & Co., 529 F.3d 947, 952 (10th Cir. 2008)(quoting State Distrib., Inc. v. Glenmore Distill. Co., 738 F.2d 405, 416 (10th Cir. 1984)).  This court and others have spoken of balancing the equities.  Broadnax v. GGNSC Edwardsville III LLC, 2014 WL 1308908 *4 (D.Kan. 3/28/2014)(referencing Hensgens v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir. 1987)); see also Schur v. L.A. Weight Loss Centers, Inc., 577 F.3d 752, 759 (7th Cir. 2009); Mayes v. Rapoport, 198 F.3d 457, 462-63 (4th Cir. 1999).

Here, the court is aware of no grounds to find that amending the complaint and remanding this case to the state court will cause undue prejudice.  This case was only recently filed.  The state court is capable of deciding the issues Walmart has raised regarding the PREP Act.  From the beginning Walmart has known that there was a good possibility that the "unknown pharmacist" was a nondiverse party.  The motion to amend appears to be timely and offered in good faith.  Finally, remand may allow for a consolidation of litigation and the conservation of judicial resources.

III. Conclusion

Given the above-described circumstances, the court shall grant the motion to amend (Doc. No. 16) and direct, pursuant to 28 U.S.C. § 1447(e), that this case be remanded to the state district court for Johnson County, Kansas.

5

**IT IS SO ORDERED.**

Dated this 11th day of February 2022, at Topeka, Kansas.

                    s/Sam A. Crow_____
                    U.S. District Senior Judge